IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES D EVANS,         : | |
|     Plaintiff,         : | |
|                 : | |
| v.                         : | CIVIL ACTION NO. 22-CV-1409 |
|                 : | |
| SOCIAL SECURITY         : | |
| ADMINISTRATION, *et al.*,   : | |
|     Defendants.         : | |

**MEMORANDUM**

SÁNCHEZ, C.J.                                                                                              JULY 13, 2022

Plaintiff James D. Evans, a convicted prisoner who is currently a patient at Eagleville Hospital, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. ("Compl.") (ECF No. 2). Evans has also filed a Motion for Leave to Proceed *in Forma Pauperis* and an inmate account statement. (ECF Nos. 1, 3.) For the following reasons, the Court will grant Evans leave to proceed *in forma pauperis*, dismiss his §1983 claims with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and grant him leave to amend his claim for Social Security benefits to address the issue of exhaustion, or to file an administrative claim against the Commissioner pursuant to 42 U.S.C. § 405(g).

**I.      FACTUAL ALLEGATIONS[1]**

Evans names as Defendants the Social Security Administration ("SSA") and the United States of America, both of which are sued in their individual and official capacities. (Compl. at 2-3.) Evans allege that in November 2020, he was released from Norristown State Hospital

---

[1] The allegations set forth in this Memorandum are taken from Evans's Complaint. The Court adopts the pagination assigned by the CM/ECF docketing system.

when charges pending against him were discharged. (*Id.* at 3.) Upon his release, he rented a room at CareMore House in Philadelphia. He alleges that he called SSA to advise them of his release. He was provided with a fax number and told to send his release papers, social security number and address to that number, as no in person appointments were available due to COVID-19. (*Id.* at 3.) Evans alleges that he provided the necessary information to the Director of CareMore House to fax to SSA. (*Id.*) It was Evans's desire to collect his Social Security Disability Benefits and his past due Social Security Supplemental Income payments from the periods September 2015 through November 2020,[2] and November 2020 through April 5, 2021, totaling $40,800. (*Id.* at 3-4.)

Evans alleges that he called SSA three times between his release from Norristown State Hospital and a subsequent arrest on April 5, 2021 to advise that he had not yet received the benefits due to him. (*Id.* at 4.) Additionally, he alleges that he obtained a post office box, where, in March 2021, he received a letter from SSA advising that he had an appointment in April 2021 concerning his benefits. (*Id.*) However, in April 2021, Evans was allegedly arrested while a patient at Thomas Jefferson University Hospital. (*Id.*) Evans alleges that while incarcerated at the Detention Center, he wrote to SSA asking for the status of his claims but did not receive an answer. (*Id.* at 4-5.)

Evans seeks recovery of Social Security benefits that he claims are due to him from the period September 2015 through April 5, 2021. (*Id.* at 5.) He also seeks recovery of compensatory and punitive damages, a "consent based process," Form GN-024-02.007L, any other benefits to which he might be entitled, a jury trial, and appointment of counsel. (*Id.*

---

[2] Evans was incarcerated from September 2015 through November 2020 and it appears from the Complaint that his Social Security benefits were not paid during this period.

## II.  STANDARD OF REVIEW

Because Evans appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Evans is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.  DISCUSSION

### A.  Section 1983 Claims

It appears that Evans has raised the identical claims against the named Defendants as he raised in this Court in *Evans v. Soc. Sec. Admin*, at No. 21-3540.  Those claims were dismissed

---

[3] Because Evans is a prisoner, under the provisions of the Prison Litigation Reform Act, he must still pay the full filing fee in installments.

with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  (*See Evans*, No. 21-3540, ECF No. 13.)  The Court has the authority to apply the doctrine of *res judicata sua sponte*.  *Ezekoye v. Ocwen Fed. Bank, FSB*, 179 F. App'x. 111, 114 (3d Cir. 2006) (not precedential); *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir.2002) (district court may invoke claim preclusion as basis for dismissal under 1915(e)(2)(B) where application of doctrine is so plain that it renders suit frivolous).

"Claim preclusion — which some courts and commentators also call *res judicata* — protects defendants from the risk of repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits."  *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (internal quotations omitted).  Claim preclusion prevents parties from raising issues that could have been raised and decided in a prior case regardless of whether those issues were litigated.  *Id.*  In other words, "[t]he prior judgment's preclusive effect . . . extends not only to the claims that the plaintiff brought in the first action, but also to any claims the plaintiff could have asserted in the previous lawsuit."  *Id.* at 231-32.  "Claim preclusion similarly reaches theories of recovery: a plaintiff who asserts a different theory of recovery in a separate lawsuit cannot avoid claim preclusion when the events underlying the two suits are essentially the same."  *Id.* at 232; *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010) ("'Rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the *essential similarity* of the underlying events giving rise to the various legal claims.'") (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983-84 (3d Cir. 1984)).

Three elements are required for claim preclusion to apply:  "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."  *Marmon Coal Co. v. Dir., Office Workers' Compensation*

*Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted). "A dismissal under the *in forma pauperis* statute . . . qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future *in forma pauperis* actions raising the same claim." *Gimenez*, 202 F. App'x at 584. With regard to the second element, claims against individuals who were not parties to the prior lawsuit may be precluded in certain circumstances, including when there is a substantive legal relationship between the party and nonparty. *Taylor v. Sturgell*, 553 U.S. 880, 893-94 (2008).

In this case, all three elements are satisfied: Evans's previous case alleging the same facts and claims against the same Defendants was dismissed with prejudice. As a result, Evans's § 1983 claims in the instant case must be dismissed.

**B.     Social Security Claims**

Evans's prior Complaint asserting §1983 claims was dismissed with prejudice, but without prejudice to Evans pursuing recovery of the Social Security benefits he claimed were owed to him. (*See Evans*, No. 21- 3540, ECF No. 13.) The Court liberally construes the instant Complaint as including a claim seeking to recover such benefits. District Courts have jurisdiction to review final decisions of the Commissioner of Social Security under 42 U.S.C. § 405(g). However, it is not clear from Evans's Complaint that he has sought to resolve his claim against the Commissioner through administrative proceedings and thereby obtained a final decision from the Commissioner, which this Court would then have jurisdiction to review. *See Fitzgerald v. Apfel*, 148 F.3d 232, 234 (3d Cir. 1998) ("Ordinarily, judicial review is barred absent a 'final decision' by the Commissioner of Social Security.") (citation omitted). Because it is unclear that Evans has exhausted his administrative remedies, thereby vesting this Court with jurisdiction, any claims seeking recovery of Social Security benefits will be dismissed with

leave granted to amend to address the issue of exhaustion, or to file an administrative claim against the Commissioner pursuant to 42 U.S.C. § 405(g).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Evans leave to proceed *in forma pauperis*, dismiss his § 1983 claims with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and grant him leave to amend his claim for Social Security benefits to address the issue of exhaustion, or to file an administrative claim against the Commissioner pursuant to 42 U.S.C. § 405(g). An appropriate Order follows.

                          **BY THE COURT:**

                          __/s/ Juan R. Sánchez_____
                          **JUAN R. SÁNCHEZ, C.J.**