IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES D EVANS, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 22-CV-1409 |
| : | |
| SOCIAL SECURITY : | |
| ADMINISTRATION, *et al.*, : | |
|     Defendants. : | |

**ORDER**

AND NOW, this 13th day of July, 2022, upon consideration of Plaintiff James D. Evans's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), and *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. James D. Evans, #097598, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the appropriate officer or employee of Eagleville Hospital to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Evans's inmate account; or (b) the average monthly balance in Evans's inmate account for the six-month period immediately preceding the filing of this case. The appropriate officer or employee shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Evans's inmate trust fund account exceeds $10.00, the appropriate officer or employee shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Evans's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the appropriate officer or employee of Eagleville Hospital.

4. The Complaint is **DEEMED** filed.

5. For the reasons stated in the Court's Memorandum, Evans's § 1983 claims against the Defendants are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). His Social Security claims are **DISMISSED WITHOUT PREJUDICE** for the reasons stated in this Court's Memorandum

6. Evans is given thirty (30) days to file an amended complaint in the event he can allege additional facts to state a plausible claim against these or other defendants. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Evans's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 22-1409. If Evans files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Evans's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims. Claims that are not included in the amended complaint will not be considered part of this case. When drafting his amended complaint, Evans should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. Evans may choose to file an administrative claim for Social Security benefits rather than an amended complaint. Upon the filing of an amended complaint or an administrative claim for Social Security benefits, the Clerk shall not make service until so **ORDERED** by the Court.

7. The Clerk of Court is **DIRECTED** to send Evans a blank copy of the Court's form complaint for a prisoner filing a civil rights claim and a blank copy of the Court's form

complaint for filing a Social Security Complaint, both bearing the above civil action number. Evans may use one or both of these forms if he chooses to do so.

8. If Evans does not wish to amend his Complaint or file an administrative claim for Social Security benefits, and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

9. If Evans fails to file any response to this Order, the Court will conclude that Evans intends to stand on his Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where

inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

BY THE COURT:

/s/ Juan R. Sánchez
**JUAN R. SÁNCHEZ, C.J.**

---

a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).